UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY,** § § § | |
| **Plaintiff** § § | |
| vs. § § | |
| **BERNARDO V. REYES III D/B/A REYES AND SON CONSTRUC-TION, PETE LEYVA D/B/A PL FRAMING, PAULO PEREZ, TERRAMARK INTERESTS, L.L.C., AND TERRAMARK CONTRACT-ORS, L.L.C., D/B/A TERRAMARK WATERFRONT HOMES** § § § § § § § § § § § | **Civil Action No: _____** |
| **Defendants** § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff EVANSTON INSURANCE COMPANY ("Evanston") files this Original Complaint for Declaratory Judgment against Defendants and alleges as follows:

### I.   NATURE OF THE ACTION

1. Evanston brings this action to obtain a declaratory judgment that it has no obligation to defend or indemnify its insured, Defendant Bernardo V. Reyes III d/b/a Reyes and Son Construction ("Reyes and Son"), under Commercial General Liability Policy Number 3AA139640 (the "Policy")(Ex. 1)[1] in connection with claims made against Reyes and Son in a personal injury suit styled *Cause No. 2018CI06159 Paulo Perez v. Terramark Interests, L.L.C., and Terramark*

---

[1] All Exhibits are incorporated in this Complaint by reference as if set out in their entirety.

*Contractors, L.L.C., d/b/a Terramark Waterfront Homes,* In the 288th District Court of Bexar County, Texas (the "Underlying Suit") (Ex. 2).

## II.  THE PARTIES

2.Evanston is an Illinois corporation with its principal place of business in Illinois.

3.Defendant Reyes and Son is a citizen of Texas, residing in Bexar County, and may be served at 2706 Lagoon Drive, San Antonio, Texas 78224 or wherever Reyes and Son may be found.  Summons is requested.

4.Pete Leyva d/b/a PL Framing ("PL Framing") is a citizen of Texas, residing in Bexar County, Texas and may be served at 2906 NW Loop 410, San Antonio, Texas 78230 or wherever PL Framing may be found.  Summons is requested.

5.Paulo Perez ("Mr. Perez") is a citizen of Texas, residing in Bexar County, Texas and may be served at 8753 Port of Call, San Antonio, Texas 78242 or wherever he may be found.  Summons is requested.

6.Terramark Interests, L.L.C. ("Terramark Interests") is a Texas limited liability company with its principal place of business at 3425 Highway 6, Suite 110, Sugar Land, Fort Bend County, Texas 77478.  Upon information and belief none of its members reside in Illinois.  Terramark Interests may be served through its Registered Agent, Charles H. Turner, 3425 Highway 6, Suite 110, Sugar Land, Texas 77478.  Summons is requested.

7.Terramark Contractors, L.L.C. d/b/a Terramark Waterfront Homes ("Terramark Contractors") is a Texas limited liability company with its principal place of business located at 3425 Highway 6, Suite 110, Sugar Land, Texas 77478.  Upon information and belief none of its members reside in Illinois. Terramark Contractors may be served through its Registered Agent,

2769353v.1

Charles H. Turner, at 3425 Highway 6, Suite 110, Sugar Land, Texas 77478. Summons is requested.

## III.  JURISDICTION & VENUE

8. There exists an actual and justiciable controversy between and among the parties concerning their rights and obligations under the Policy with respect to the Underlying Suit.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity between Evanston and all Defendants, and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

10. Venue is proper in the United States District Court for the Western District of Texas – San Antonio Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this matter occurred in this District and Division.

11. In particular, Evanston issued the Policy and delivered it to Reyes and Son in this District and Division.

## IV.  BACKGROUND

**A.    The Underlying Suit**

12. On April 4, 2018, Mr. Perez filed the Underlying Suit, naming Terramark Interests and Terramark Contractors (collectively the "Terramark Defendants").

13. On February 5, 2019, the Terramark Defendants filed a Third-Party Petition bringing Reyes and Son and PL Framing into the Underlying Suit.  (Ex. 2).

14. Thereafter, Mr. Perez filed a Second Amended Petition, on April 8, 2019, also making claims against Reyes and Son and PL Framing.  (Ex. 3).

2769353v.1

15.     By way of their Third-Party Petition, the Terramark Defendants assert that any liability alleged against them by Mr. Perez is attributable to Reyes and Son and/or PL Framing as well as Mr. Reyes himself and any other Defendant or Responsible Third Party.  (Ex. 2).

16.     In the Underlying Suit, Mr. Perez alleges that the Terramark Defendants were building a home located at 603 Burleson Street in San Antonio.  (Ex. 3, IV).

17.     Mr. Perez alleges the Terramark Defendants engaged Reyes and Son to install the roofing on the home.  (Ex. 3, IV).

18.     Mr. Perez alleges that Reyes and Son hired him to install the metal roofing on the wooden overhang framing constructed by PL Framing above the second-floor windows.  (Ex. 3, IV).

19.     On February 3, 2018, Mr. Perez used a ladder to access the wooden overhang framing above the second-floor windows to install the metal roofing.  (Ex. 3, IV).

20.     Mr. Perez alleges that when installing the flashing on the metal roofing above the second-floor windows, the entire overhang suddenly gave way, sending him and the overhang tumbling to the ground.  (Ex. 3, IV).

21.     The fall rendered Mr. Perez a paraplegic.  (Ex. 3, IV).

22.     Mr. Perez sues the Terramark Defendants under a negligence theory, asserting failure to provide a safe workplace and failure to train him properly among other things.  (Ex. 3, V).

23.     Mr. Perez sues Reyes and Son and PL Framing on the same basis.  (Ex. 3, VI & VII).

24.     Mr. Perez also sues all Defendants in the Underlying Suit for gross negligence for their alleged conscious indifference to an extreme degree of risk. (Ex. 3, VIII).

25.     Mr. Perez seeks to recover unspecified compensatory and exemplary damages plus interest and costs of court. (Ex. 3, XIII).

B.   **The Policy**

26.   Evanston issued the Policy to Reyes and Son providing Commercial General Liability Coverage effective July 5, 2017 to July 5, 2018.  (Ex. 1).

27.   Among other things, the Policy covers "those sums that the insured becomes legally obligated to pay because of 'bodily injury' or 'property damage' to which this insurance applies" (Coverage A) and medical payments (Coverage C) subject to various terms, conditions, limits, and exclusions.  (Ex. 1, EVAN000020).

28.   The Policy contains the following relevant exclusions, definitions and endorsements:

> **2.   Exclusions (Under Coverage A – Bodily Injury)**
> This insurance does not apply to:
>
> * * *
>
> > **d.   Workers' Compensation And Similar Laws**
> > Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
> >
> > **e.   Employer's Liability[2]**

(Ex. 1, EVAN000021).

**EXCLUSION – EMPLOYER'S LIABILITY AND
BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM

> **A.**   The Employer's Liability exclusion under Bodily Injury And Property Damage Liability is replaced by the following:

---

[2] Replaced by the EXCLUSION – EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS ENDORSEMENT.

This insurance does not apply to:

Employer's Liability

"Bodily injury" to:

**(1)** An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business;

**(2)** Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation; or

**(3)** The spouse, partner, child, parent, brother, sister or any other relative of any person described in Paragraph (1) or (2) above as a consequence of Paragraph **(1)** or **(2)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to any liability assumed under an "insured contract".

**B.** The following exclusion is added to Bodily Injury And Property Damage Liability:

This insurance does not apply to:

**Bodily Injury To Contractors Or Subcontractors**

"Bodily injury" to any:

**(1)** Contractor or subcontractor while working on behalf of any insured;

**(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph (1) above;

**(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph (1) above; or

**(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph (1), (2) or (3) above, with or without any form of compensation.

This exclusion applies:

    **(a)** Even if the claim against any insured alleges negligence or other wrongdoing in the:

        **(i)** Selection, hiring or contracting;

        **(ii)** Investigation;

        **(iii)** Supervision or monitoring;

        **(iv)** Training; or

        **(v)** Retention

    of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph (1), (2), (3) or (4) above.

    **(b)** Whether the insured may be liable as an employer or in any other capacity;

    **(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

    **(d)** To liability assumed by the insured under an "insured contract".

All other terms and conditions remain unchanged.

2769353v.1

(Ex. 1 – EVAN000057 - 58)

\* \* \*

**SECTION V - DEFINITIONS**

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness, or disease sustained by any person, including death resulting from any of these at any time.

\* \* \*

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

(Ex.1 - EVAN000032).

\* \* \*

    **9.**    "Insured contract" means: [3]

        **a.**    A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

        **b.**    A sidetrack agreement;

        **c.**    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

        **d.**    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

        **e.**    An elevator maintenance agreement;

---

[3] Replaced by Amendment of Insured Contract Definition.

> **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
>
> Paragraph **f.** does not include that part of any contract or agreement:
>
> **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;
>
> **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
>
>> **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
>>
>> **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or
>
> **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

\* \* \*

(Ex.1 - EVAN000049).

2769353v.1

    **10.**    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

(Ex.1 - EVAN000033).

\* \* \*

    **19.**    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

    **20.**    "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

\* \* \*

    **22.**    "Your work":
        **a.** Means:
            **(1)** Work or operations performed by you or on your behalf; and
            **(2)** Materials, parts or equipment furnished in connection with such work or operations.
        **b.** Includes:
            **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
            **(2)** The providing of or failure to provide warnings or instructions

(Ex.1 - EVAN000035)

\* \* \*

## COMBINATION GENERAL ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A. Paragraph **2.** Exclusions of Section I – Coverage **A** – Bodily Injury and Property Damage Liability and Coverage **B** – Personal And Advertising Injury Liability are revised as follows:

\* \* \*

2. The following Exclusions are added:
   This insurance does not apply to:

**Fines, Penalties And Punitive Or Exemplary Damages**

Fines, penalties, and punitive or exemplary damages, or any expenses or any obligation to share such damages or repay another.  However, this exclusion does not apply to punitive damages from wrongful death brought under Alabama's Wrongful Death Statute.

\* \* \*

**Professional Liability**

Professional liability, errors, omissions, negligent acts, malpractice or acts of any type including rendering or failure to render any type of professional service, unless such coverage is specifically endorsed on the policy.

\* \* \*

All other terms and conditions remain unchanged.

(Ex.1 - EVAN000050 - 51).

\* \* \*

**NEW RESIDENTIAL CONSTRUCTION LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following are added to Paragraph **2.** Exclusions of Section I – Coverages, Coverage **A** – Bodily Injury And Property Damage Liability and Coverage **B** – Personal And Advertising Injury Liability:

This insurance does not apply to:

**Multi-unit Residential Developments**

"Bodily injury", "property damage" or "personal and advertising injury", including losses within the "products-completed operations hazard", arising out of "your product" or "your work" related to any newly constructed residential:

**(1)**   Condominium;

**(2)**   Townhouse;

**(3)**   Cooperative; or

**(4)**   "Tract home".

This exclusion does not apply to:

**(a)**   "Your product" or "your work" related to any newly constructed "apartment structure"; or

**(b)**   Your projects consisting of 20 or fewer units in any one development, regardless of the size of the development.

**B.**   With respect to this endorsement only, the following definitions are added:

"Apartment structure" means a multi-family structure of units that are held for rental in which all units are owned by the same person or organization and not individually titled. "Apartment structure" includes the building and the individual units.

"Tract home" means a grouping of 20 or more single-family dwellings which:

**a.**   Are constructed in the same parcel, adjacent parcels or other parcels located within one geographic area that are considered to be a single project; and

**b.**   Share common or similar design elements, floor plans, blueprints, or architectural details.

All other terms and conditions remain unchanged.

* * *

**2.   Exclusions (Under Coverage C - Medical Payments)**
We will not pay expenses for "bodily injury":

* * *

11

2769353v.1

    **b.**    **Hired Person**

        To a person hired to do work for or on behalf of any insured or a tenant of any insured.

\* \* \*

    **d.**    **Workers' Compensation And Similar Laws**

        To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\* \* \*

    **g.**    **Coverage A Exclusions**

        Excluded under Coverage **A**.

(Ex.1 - EVAN000027).

**C.  The Claim and Evanston's Reservations of Rights**

29.   Reyes and Son first notified Evanston of the claim on February 19, 2019.

30.   By letter dated March 5, 2019, Evanston acknowledged the claim and offered a defense to Reyes and Son in the Underlying Suit subject to a complete reservation of rights, advising that coverage may be precluded on various grounds.

31.   After Mr. Perez amended his Petition in the Underlying Suit (Ex. 2), Evanston updated its Reservation of Rights on July 19, 2019.  ("ROR") (Ex. 4).

32.   Evanston's ROR states that its reservation is complete and "subject to all of the terms, conditions, limitations, and exclusions" in the Policy "whether asserted or not" and that the ROR is not intended to be exhaustive.  (Ex. 4).

33.   The Policy contains a Workers' Compensation Exclusion under Coverage A, which may preclude coverage, just as it may under Coverage C as cited in the ROR.  (Exs. 1 & 4).

34. In the ROR, Evanston advised that there may be no coverage due to the Employer's Liability Exclusion because, among other things, Mr. Perez may have been an employee, volunteer worker, temporary worker, contractor or subcontractor of Reyes and Son or may have been performing labor in some capacity on behalf of Reyes and Son, or a contractor or subcontractor of Reyes and Son, with or without any form of compensation. (Ex. 4).

35. In the ROR, Evanston also advised that there may be no coverage due to the New Residential Construction Limitation endorsement, which precludes coverage for bodily injury arising out of the insured's work related to any newly constructed "Tract home." (Ex. 4).

36. The Policy excludes coverage for punitive or exemplary damages, which could limit coverage here as Mr. Perez seeks exemplary damages in the Underlying Suit. (Exs. 1 & 2).

37. The Policy also contains a professional liability exclusion, which includes negligent acts, and could preclude coverage here to the extent Reyes and Son provided professional services, as Mr. Perez alleges negligence in the Underlying Suit. (Exs. 1 & 2).

38. Additionally, in the ROR, with respect to medical payments, Evanston advised that there may be no coverage due to the Hired Person Exclusion because Reyes and Son hired Mr. Perez to work for or on its behalf. (Ex. 4).

39. Evanston further advised in the ROR that there may be no coverage for medical payments due to the Workers' Compensation Exclusion, found under Coverage C, because benefits may be payable or may have to be provided to Mr. Perez under workers' compensation or similar laws. (Ex. 4).

40. Evanston further advised in the ROR that there may be no coverage for medical payments under Coverage C due to the "Coverage A Exclusions," i.e. any coverage excluded under Coverage A is likewise excluded under Coverage C. (Ex. 4).

## V. COUNT ONE – WORKERS' COMPENSATION EXCLUSION (COVERAGE A)

41. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

42. To the extent Reyes and Son may have an obligation to Mr. Perez under workers' compensation or similar law, no coverage exists under the Policy.

43. The Workers' Compensation Exclusion, found under Coverage A, precludes coverage for "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." (Ex. 1, EVAN000021).

44. The Underlying Suit contains allegations that Mr. Perez was hired by Reyes and Son, was not given a safe workplace and was not trained properly.  (Ex. 3, VI).

45. Based on the above allegations and Mr. Perez's injury, Reyes and Son may have an obligation to Mr. Perez under workers' compensation or similar law.

46. To the extent, Reyes and Son has an obligation to Mr. Perez under workers' compensation or similar law, no coverage exists under the Policy.

## VI. COUNT TWO – EMPLOYER'S LIABILITY EXCLUSION (COVERAGE A)

47. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

48. The Employer's Liability Exclusion precludes bodily injury coverage "to an 'employee', 'volunteer worker' or 'temporary worker' of the insured arising out of and in the course of employment by the insured."  (Ex. 1, EVAN000057).

49. The Employer's Liability Exclusion also precludes bodily injury coverage "to an 'employee', 'volunteer worker' or 'temporary worker' of the insured arising out of and in the

course of performing duties related to the conduct of the insured's business." (Ex. 1, EVAN000057).

50. The Employer's Liability Exclusion also precludes bodily injury coverage to a contractor or subcontractor while working on behalf of any insured or "any other person who performs labor in any capacity for or on behalf of" a contractor or subcontractor of any insured.

51. The Underlying Suit contains allegations that Mr. Perez was hired by Reyes and Son, was not given a safe workplace and was not trained properly. (Ex. 3, VI).

52. Accordingly, no bodily injury coverage exists under the Policy.

### VII.   COUNT THREE – NEW RESIDENTIAL CONSTRUCTION LIMITATION (COVERAGE A)

53. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

54. The New Residential Construction Limitation precludes coverage for bodily injury arising out of the insured's work related to any newly constructed residential "Tract home." (Ex. 1, EVAN000056).

55. Although indiscernible fromm the pleadings, upon information and belief, the residential construction site where the accident occurred is a "Tract home."

56. Accordingly, no bodily injury coverage exists under the Policy.

### VIII.   COUNT FOUR –EXEMPLARY DAMAGES EXCLUSION (COVERAGE A)

57. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

58. The Fines, Penalties and Punitive or Exemplary Damages Exclusion precludes coverage for punitive or exemplary damages. (Ex. 1, EVAN000050).

59. Mr. Perez seeks exemplary damages in the Underlying Suit. (Ex. 3, XIII).

60. Accordingly, no coverage exists for such damages under the Policy.

### IX. COUNT FIVE – PROFESSIONAL LIABILITY EXCLUSION (COVERAGE A)

61. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

62. The Professional Liability Exclusion precludes coverage for professional liability including negligent acts. (Ex. 1, EVAN000051).

63. Reyes and Son provided professional services, which Mr. Perez alleges were provided in a negligent manner. (Ex. 3, VI).

64. Accordingly, no coverage exists under the Policy.

### X. COUNT SIX - HIRED PERSON EXCLUSION (COVERAGE C)

65. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

66. The Hired Person Exclusion precludes medical payments coverage for bodily injury to "a person hired to do work for or on behalf of any insured. . . ." (Ex. 1, EVAN000027).

67. The Underlying Suit contains allegations that Reyes and Son "hired" Mr. Perez. (Ex. 3, VI).

68. In the Underlying Suit, Mr. Perez seeks past and future medical expenses. (Ex. 3, IX).

69. Accordingly, no coverage exists for medical payments under the Policy.

### XI. COUNT SEVEN – WORKERS' COMPENSATION EXCLUSION (COVERAGE C)

70. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

71. The Workers' Compensation Exclusion, found under Coverage C, precludes coverage "[t]o a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are

payable or must be provided under a workers' compensation or disability benefits law or similar law." (Ex. 1, EVAN000027).

72. The Underlying Suit contains allegations that Reyes and Son hired Mr. Perez and failed to provide him a safe workplace and was not trained properly. (Ex. 3, VI).

73. Based on the above allegations and Mr. Perez's injuries, benefits may be payable or have to be provided to Mr. Perez under a workers' compensation or similar law.

74. To the extent benefits may be payable or have to be provided, to Mr. Perez under workers' compensation or similar law, no coverage exists under the Policy.

### XII.  COUNT EIGHT – COVERAGE A EXCLUSIONS (COVERAGE C)

75. Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 40 of this Complaint.

76. The "Coverage A Exclusions" under Coverage C preclude coverage if coverage is excluded under Coverage A. (Ex. 1, EVAN000027).

77. Coverage is excluded under Coverage A as set out above.

78. Accordingly, no coverage exists for medical payments under Coverage C.

### XIII. REQUEST FOR RELIEF

For the reasons set out above, Evanston respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy as follows:

A. Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes,* In the 288th District Court of

Bexar County, Texas to the extent they fall within the Workers' Compensation Exclusion under Coverage A.

B. Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes,* In the 288th District Court of Bexar County, Texas due to the Employer's Liability Exclusion under Coverage A.

C. Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes,* In the 288th District Court of Bexar County, Texas due to the New Residential Construction Limitation under Coverage A.

D. Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from claims asserted against it for exemplary damages in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes,* In the 288th District Court of Bexar County, Texas due to the Fines, Penalties and Punitive or Exemplary Damages Exclusion under Coverage A.

E. Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark*

*Contractors, L.L.C d/b/a Terramark Waterfront Homes,* In the 288th District Court of Bexar County, Texas due to the Professional Liability Exclusion under Coverage A.

F.   Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes;* In the 288th District Court of Bexar County, Texas to the extent they fall within the Hired Person Exclusion under Coverage C.

G.   Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes;* In the 288th District Court of Bexar County, Texas to the extent they fall within the Workers' Compensation Exclusion under Coverage C.

H.   Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant Reyes and Son from the claims asserted against it in *Cause No. 2018CI06159; Paulo Perez v. Terramark Interests, L.L.C., and Terramark Contractors, L.L.C d/b/a Terramark Waterfront Homes;* In the 280th District Court of Bexar County, Texas to the extent they fall within the "Coverage A Exclusions" under Coverage C.

Evanston further requests any other relief to which it may be entitled and the Court deems appropriate.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**


By: */s/ Marjorie C. Nicol*
    Marjorie C. Nicol
    Texas Bar No.: 00784684
    Federal Bar No.: 18400
    909 Fannin St., Suite 3300
    Houston, Texas 77010
    Tel:  (713) 353-2050
    Fax:  (713) 785-7780
    Marjorie.nicol@wilsonelser.com

**COUNSEL FOR PLAINTIFF**